IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE STATE OF NEBRASKA, and | ) | |
| UNICAMERAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 4, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff brought this action under 42 U.S.C. § 1983 against the State of Nebraska and the State of Nebraska's Unicameral. He argues the Unicameral is unconstitutional because, among other reasons, it is "adverse and contradictory to the system of democracy in America." (Filing No. 1 at CM/ECF p. 1.) As relief, Plaintiff asks that the Unicameral be replaced with a bicameral legislative system.

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment provides states, and state agencies, see Hadley v. North Arkansas Cmty. Technical Coll., 76 F.3d 1437, 1438 (8th Cir. 1996), cert. denied, 519 U.S. 1148 (1997), with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. Hans v. Louisiana, 134 U.S. 1, 15 (1890). Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power. See Pennhurst State Sch. &

*Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment proscribes suit against State absent unequivocal waiver); *Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).

Nothing here suggests the State of Nebraska has waived its sovereign immunity. Moreover, Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Smith v. Beebe*, 123 Fed. Appx. 261, 262 (8th Cir. 2005). Thus, the court finds the State of Nebraska is entitled to sovereign immunity in this matter. Likewise, the Unicameral, as an arm of the State, is also entitled to sovereign immunity. *See Ernst v. Rising*, 427 F.3d 351, 374 (6th Cir. 2005) ("The Eleventh Amendment would clearly bar any action to compel the State legislature to act, inasmuch as the legislature is an arm of the State."). The court will dismiss this action without leave to amend because it finds amendment would be futile in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this order.

DATED this 2nd day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.